O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RUSSELL WAYNE FUNK, | ) | CASE NO. CV 09-06753 RGK (RZ) |
| Petitioner, | ) ) ) | ORDER TO SHOW CAUSE RE TIMELINESS |
| vs. | ) ) | |
| DOMINGO URIBE, JR., Warden, | ) ) | |
| Respondent. | ) ) | |

   The Court issues this Order To Show Cause directed to Plaintiff because the face of the petition suggests that the action may be time-barred.

   In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1). The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after the petitioner's conviction becomes final: the date on which a State-created impediment – itself a violation of Constitutional law – was removed; the date on which a newly-recognized Constitutional right was established; or the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the courts have held that the statute also is subject to equitable tolling. *See Harris v. Carter*, 515 F.3d 1051, 1054 n.5 (9th Cir. 2008).

The current petition was filed on September 16, 2009. From the face of the petition and from judicially-noticeable materials, the Court discerns that –

(a) On August 25, 2005, a Los Angeles County Superior Court jury convicted Petitioner of attempted murder and other serious crimes. He was sentenced to life imprisonment without possibility of parole. Pet. ¶ 2.

(b) Petitioner appealed, but the California Court of Appeal affirmed on June 26, 2007. Pet. ¶ 3. The California Supreme Court denied his petition for further direct review on September 12, 2007. Pet. ¶ 4.

(c) Petitioner apparently did not seek *certiorari* in the United States Supreme Court. His conviction therefore became final after December 12, 2007, when the high court's 90-day period for seeking such relief expired. *See* SUP. CT. R. 13.1. His one-year AEDPA limitations period began to run on that date.

(d) 266 days later, on September 3, 2008, Petitioner filed a habeas petition in the trial court. 99 days remained in Petitioner's limitations period. On September 18, 2008, the trial court denied relief. *See* Pet. ¶ 6(a).

(e) 111 days later, on January 7, 2009, Petitioner reasserted the same habeas claims in a petition filed in the California Court of Appeal. That court rejected relief on February 3, 2009. *See* Pet. ¶ 6(b).

(f) 48 days later, Petitioner presented the same habeas claims to the California Supreme Court, which denied relief on August 19, 2009.

\* \* \* \* \*

Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred, based on the following calculations. As noted above, Petitioner's conviction became final – and the 1-

year period began to run – on December 12, 2007.  He had 99 days remaining when he stopped the clock by filing a habeas petition in the state trial court on September 3, 2008.  But he delayed 111 days after the trial court rejected relief on September 18 before filing his next petition, with the same claims, in the California Court of Appeal.  The Supreme Court has held that "gap tolling" is presumptively unavailable when a California petitioner delays more than 60 days without adequate explanation.  *Evans v. Chavis*, 546 U.S. 189, 192-93, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006).  Absent such "gap tolling," Petitioner's remaining 99 days of AEDPA time expired no later than Monday, December 29, 2008.  No basis appears in the petition for a later AEDPA-limitations-period starting date.  Nor does the face of the petition disclose any basis for equitable tolling.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) (equitable tolling of AEDPA statute requires petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way"), *quoted in Harris, supra*, 515 F.3d at 1054-55.

       This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter.  *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001).  Accordingly, Petitioner shall show cause why this action should not be dismissed as being barred by the one-year statute of limitations.  Petitioner shall file his response to the Court's Order to Show Cause not later than 21 days from the filing date of this Order.

       If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

       IT IS SO ORDERED.

       DATED:	September 21, 2009

                                           RALPH ZAREFSKY
                                       UNITED STATES MAGISTRATE JUDGE